IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

JESSICA ROBINSON, on behalf of herself,
and all others similarly situated,

 **Plaintiff,**

v.             CIVIL NO. 2:19cv44

JACKSON HEWITT, INC.,
JACKSON HEWITT TAX SERVICE INC.,
and TAX SERVICES OF AMERICA, INC.,

 **Defendants.**

## OPINION AND ORDER

This matter comes before the Court on four motions pending before the Court in the above-captioned case, including:

- Motion for Reassignment and Consolidation,[1] filed on January 29, 2019, (hereinafter "Motion to Consolidate"), ECF No. 6;

- Motion for Entry of Case Management Order, filed jointly by Plaintiff and the plaintiffs in the Related Cases on January 30, 2019, (hereinafter "Motion for Case Management Order"), ECF No. 8;

- Motion to Transfer Case ("Motion to Transfer"), filed by defendants Jackson Hewitt, Inc., Jackson Hewitt Tax Service Inc., and Tax Services of America, Inc. (collectively, "Defendants") on February 12, 2019, ECF No. 12; and

---

[1] In such motion, Jessica Robinson ("Plaintiff"), along with the plaintiffs in three related actions pending in this Court, jointly move for consolidation and reassignment of their cases to the same judge. The three related cases include: Newbauer v. Jackson Hewitt Tax Service Inc., et al., No. 2:18cv679; Endres, et al. v. Jackson Hewitt Tax Service Inc., et al., No. 2:19cv37; and Gibson v. Jackson Hewitt Tax Service Inc., et al., No. 2:19cv49, (hereinafter, the "Related Cases"). Because all four cases have since been assigned to the undersigned pursuant to internal policy of this Court, the plaintiffs' joint request for reassignment is moot, but their request for consolidation is still pending.

1

- Defendants' Motion to Stay Case Pending Resolution of Motion to Transfer filed on February 15, 2019, (hereinafter "Motion to Stay"), ECF No. 18.

## I. OVERVIEW OF PENDING MOTIONS

A summary of the status of these four motions follows. Plaintiff's Motion to Consolidate and Motion for Case Management Order are fully briefed and ripe for decision. Defendants' Motion to Transfer is not yet ripe, but it is due to be fully briefed by March 4, 2019. On February 19, 2019, Plaintiff filed an expedited response to Defendants' Motion to Stay. ECF No. 20.

Upon consideration of the foregoing, and upon review of the pending motions, it appears to the Court that Defendants may have a valid basis on which to request transfer of this case to the United States District Court for the District of New Jersey. ECF No. 12. As such, the Court finds that it is in the interest of justice and the fair administration thereof to resolve the pending Motion to Transfer before ruling on other pending motions in this case. Indeed, the Court declines to resolve any pending case-management issues when it is not yet clear whether this Court will ultimately decide the substantive issues of the case. Therefore, the Court finds that it is in the interest of justice to set the Motion for Transfer for prompt hearing as directed below. With this finding, the only remaining issue is whether the Court should stay the entire action pending resolution of the Motion for Transfer as Defendants request in their Motion to Stay. The Court turns to this question below.

## II. DEFENDANTS' MOTION TO STAY

In their Motion to Stay, Defendants seek a brief stay of this action pending resolution of the Motion to Transfer. ECF No. 18. In support, Defendants advise that they intend to file motion(s) to dismiss in this case by the deadline of March 1, 2019, which is well before the pending Motion to Transfer is likely to be resolved. Defendants therefore argue that, without a stay, the parties will have to engage in costly and possibly wasteful litigation efforts if this case is ultimately

transferred to the District of New Jersey. In response, Plaintiff opposes the requested stay, arguing that Defendants – whose responsive pleading deadline has already been extended by agreement of Plaintiff – should not be able to further delay this litigation based on briefing-schedule hardships that are of Defendants' own making. Opp. Br., ECF No. 20, at 6–7.

### A. LEGAL STANDARD

A district court has broad discretion to stay proceedings as part of its inherent power to control its own docket. Landis v. North American, 299 U.S. 248, 254 (1936). In determining whether to grant a stay, the district judge must "weigh competing interests," id. at 255, and "balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket," United States v. Georgia Pac. Corp., 562 F.2d 294, 296 (4th Cir. 1977). These factors include "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; [and,] (3) potential prejudice to the non-moving party." Gibbs v. Plain Green, LLC, 331 F. Supp. 3d 518, 525 (E.D. Va. 2018) (citation omitted). Finally, "[t]he party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." Id. (citation omitted).

### B. DISCUSSION

When applying the relevant factors to this case, the Court finds that a stay pending resolution of Defendants' Motion to Transfer is justified. First, the requested stay will be relatively brief – less than 60 days – because the Motion to Transfer will be ripe for this Court's decision no later than March 29, 2019, as set forth below. Therefore, the resulting delay and potential prejudice to Plaintiff, who alleges "ongoing harm" in this case, is minimal.

Second, when weighing the relatively brief delay against the possibility of duplicitous and costly litigation efforts, a stay is justified. If Defendants file a motion to dismiss by March 1, 2019, as currently scheduled, the parties will have to engage in extensive briefing in this Court while the

3

Motion to Transfer is still pending. But if this case is ultimately transferred to the United States District Court for the District of New Jersey, which must resolve the substantive issues of the case in accord with Third Circuit rather than Fourth Circuit precedent, much of the parties' briefing on the motion to dismiss would likely be wasted and supplemental briefing would likely be required. Considering modern attorneys' fees and the law firms retained in this case, the cost of these duplicitous briefing efforts is likely to be excessive for all parties.

Finally, the Court has considered Plaintiff's claim that any need for a stay is of Defendants' own making and is therefore not equitable or justified. See ECF No. 20 at 7. But after reviewing the pleadings and procedural history of this case and the Related Cases, the Court does not find that Defendants have engaged in any bad-faith effort to delay litigation. Nor has Plaintiff identified any significant prejudice that will result from the very brief stay requested.

For these reasons, the Court finds that Defendants have presented "clear and convincing circumstances" to justify a stay pending the resolution of Defendants' Motion to Transfer. Gibbs, 331 F. Supp. 3d at 525. Accordingly, Defendants' Motion to Stay is **GRANTED** consistent with the directives of this Order as set forth below.

### III.    CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1.   Defendants' Motion to Stay (ECF No. 18) is hereby **GRANTED** insofar as this action shall be briefly stayed pending resolution of Defendants' Motion to Transfer (ECF No. 12) or until further Order of this Court.

2.   Plaintiff's Motion to Consolidate (ECF No. 6) and Plaintiff's Motion for Entry of Case Management Order (ECF No. 8) are hereby **HELD IN ABEYANCE** until such stay is lifted.

3.   The parties are **DIRECTED** to contact the courtroom deputy, Lori Baxter, at (757) 222–7244, within seven (7) days of the date hereof to schedule a hearing on Defendants' Motion

to Transfer (ECF No. 12), which hearing will occur simultaneously in each of the Related Cases, with such hearing to occur **no later than Friday, March 29, 2019**. If the parties are unable within seven (7) days of the date hereof to schedule such hearing as instructed, the Court will set the hearing for a date and time on or before March 29, 2019, that is agreeable to the Court.

The Clerk is **DIRECTED** to forward a copy of this Order to all Counsel of Record.

**IT IS SO ORDERED**.

/s/
Robert G. Doumar
Senior United States District Judge

UNITED STATES DISTRICT JUDGE

Norfolk, VA
February 20, 2019