**LITE DEPALMA GREENBERG**

570 Broad Street / Suite 1201 / Newark, NJ 07102
**P:** 973.623.3000 / **F:** 973.623.0858 / litedepalma.com

Newark ∎ Philadelphia

April 23, 2020

**VIA ECF**

Honorable Edward S. Kiel, U.S.M.J.
United States District Court for the
 District of New Jersey
U.S. Post Office and Courthouse Building
2 Federal Square, Courtroom 8
Newark, NJ  07102

      Re:    *Robinson, et al. v. Jackson Hewitt, Inc., et al.*
            **Civil Action No. 19-cv-9066(SDW)(ESK)**

Dear Judge Kiel:

Pursuant to the Court's January 27 and February 18, 2020 Orders (ECF Nos. 91, 92) this joint letter outlines a dispute between the parties concerning the privilege log requirements in the proposed ESI Protocol.

**ESI PROTOCOL DISPUTE REGARDING PRIVILEGE LOG REQUIREMENTS**

**Efforts to Resolve:**

Plaintiffs first raised the ESI Protocol during the parties' Fed.R.Civ.Pro. 26(f) conference on May 17, 2019. Plaintiffs provided a draft ESI Protocol to Defendants on March 8, 2020 after receiving Defendants' objections to Plaintiffs' Requests for Production that were in part based on the lack of an ESI Protocol. Defendants provided an alternative proposed ESI Protocol on March 12, 2020.  The parties had numerous telephonic discussions and exchanged emails regarding the ESI Protocol between March 8, 2020 and April 22, 2020, including March 8 and 12, 2020, and April 2, 3, 8, 16, 17, 21, and 22, 2020. These sessions successfully narrowed the items in dispute to the single issue addressed here.

**LITE DEPALMA GREENBERG**

Honorable Edward S. Kiel, U.S.M.J.
April 23, 2020
Page 2

**Section III(G) concerning the content of privilege logs.**

Proposed section with disputed provisions in brackets:

"Privilege Logs. Each party shall provide a privilege log identifying all documents withheld in their entirety or produced but redacted on the basis of privilege and/or work product claims in the discovery process that complies with the requirements of the Federal Rules of Civil Procedure. The withholding party's log shall be in Excel format or any other format that permits electronic sorting and searching. The privilege/redaction logs shall be detailed enough to enable other parties to assess the applicability of the privilege asserted; shall identify the author(s), attorney(s) and client, any and all recipient(s), [**PLAINTIFFS**: all persons or entities known to have been furnished the Document or informed of its substance], created date, beginning and ending Bates or document identification numbers, privilege and/or doctrine relied upon, and the subject matter of the document; and shall provide a description of the Document and/or Document family by type and content in conformity with the Federal Rules of Civil Procedure. For emails included in the privilege log that include attachment(s), the information above must also be provided for any such attachment(s). Each privilege/redaction log shall include the entries of all prior privilege logs. To the extent any previous designations are subsequently modified or withdrawn, they shall be so noted within 15 days of any decision to modify or withdraw any previous designations in an amended log to ensure clarity. The parties shall have no obligation to log privileged communications between outside counsel, in-house counsel, and their respective legal support staff and their respective client(s) generated on or after December 20, 2018. Privilege logs shall be provided to the receiving party within 30 days after each production of documents."

**LITE DEPALMA GREENBERG**

Honorable Edward S. Kiel, U.S.M.J.
April 23, 2020
Page 3

**Plaintiffs' Position:**

Plaintiffs' proposed language tracked the caselaw on what is required of a privilege log" The privilege log should: identify each document and the individuals who were parties to the communications, providing sufficient detail to permit a judgment as to whether the document is at least potentially protected from disclosure. Other required information, such as the relationship between . . . individuals not normally within the privileged relationship, is then typically supplied by affidavit or deposition testimony. Even under this approach, however, if the party invoking the privilege does not provide sufficient detail to demonstrate fulfillment of all the legal requirements for application of the privilege, his claim will be rejected. *Bowne*, 150 F.R.D. at 474 (citations omitted); *see also von Bulow*, 811 F.2d at 146; *In re Grand Jury Subpoena Dtd*. Jan. 4, 1984, 750 F.2d 223, 224-25 (2d Cir. 1984). *United States v. Constr. Products Research, Inc.*, 73 F.3d 464, 473 (2d Cir. 1996).

*Farkas v. Rich Coast Coffee, Corp.*, No. 1:14-CV-272, 2016 WL 4611427, at *4 (M.D. Pa. Sept. 6, 2016). Defendants' argument that the producing party should not have to identify all persons known to have received the document ignores the law on what a privilege log requires.  It is not burdensome to require the parties to disclose all persons who received a copy of the communication or were informed of its substance so that a potential waiver can be evaluated. The identification of recipients is necessary to determine whether the material is privileged (e.g., if attorney client communication there must be an attorney and a client) or, if protected, whether there is a waiver.

823031.1

**LITE DEPALMA GREENBERG**

Honorable Edward S. Kiel, U.S.M.J.
April 23, 2020
Page 4

**<u>Defendants' Position</u>:**

Defendants' position was that it was sufficient that the ESI protocol state that the parties would provide privilege logs that complied with Fed. R. Civ. P. 26(b)(5). Plaintiffs insisted on a more comprehensive provision setting forth specific categories of information, timelines, and the format of the privilege log. Through the meet and confer process, Defendants ultimately agreed with most of Plaintiffs' requests relating to privilege logs, excepting Plaintiffs' insistence that the privilege log also identify "all persons or entities known to have been furnished the Document or informed of its substance." The parties have already agreed that the privilege log will identify "author(s), attorney(s) and client, any and all recipient(s), created date, beginning and ending Bates or document identification numbers, privilege and/or doctrine relied upon, and the subject matter of the document; and shall provide a description of the Document and/or Document family by type and content in conformity with the Federal Rules of Civil Procedure."

The additional phrase that Plaintiffs seek to require would ostensibly require counsel to interview every recipient of each document listed on the privilege log to determine whether, in addition to the named recipients, there are any other person or entities known to have been furnished the Document or informed of its substance. That is an undue burden in light of the other categories that have already been agreed for inclusion. And, it is not reasonable to conduct such interviews, particularly under the timing requirements included in the privilege log provision.

823031.1

**LITE DEPALMA GREENBERG**

Honorable Edward S. Kiel, U.S.M.J.
April 23, 2020
Page 5

    None of the cases cited by Plaintiffs hold that "all persons or entities known to have been furnished the Document or informed of its substance" must be included in a privilege log as a matter of course. Defendants have researched this issue and did not find a single case requiring this category of information to be included in the privilege log, as a matter of course, for all documents. Defendants submit that, to the extent Plaintiffs have credible information that a particular document was provided to someone other than the named recipients, the issue would more appropriately be addressed in the context of such specific documents, rather than imposing the burdensome requirement that such information be included in the privilege log for every document.

                                      Respectfully,

                                      */s/ Bruce D. Greenberg*

                                      Bruce D. Greenberg

bdg/abm

cc:    All counsel (via ECF)

823031.1