## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JESSICA ROBINSON, STACEY JENNINGS, & PRISCILLA MCGOWAN, individually and on behalf of others similarly situated,<br><br>     *Plaintiffs,*<br><br>  v.<br><br>JACKSON HEWITT, INC. & TAX SERVICES OF AMERICA, INC.,<br><br>     *Defendants.* | No. 19-cv-09066(MEF)(SDA)<br><br>**FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE AS TO DEFENDANTS JACKSON HEWITT, INC. AND TAX SERVICES OF AMERICA, INC.** |

This matter has come before the Court to determine whether there is any cause why this Court should not approve the settlement between Plaintiffs Jessica Robinson, Stacey Jennings, and Priscilla McGowan (together "Plaintiffs"), individually and on behalf of the Settlement Class (the "Class") on the one hand, and Jackson Hewitt, Inc. and Tax Services of America, Inc. (collectively, "Defendants") on the other, set forth in the Settlement Agreement dated March 20, 2024 (the "Settlement Agreement"). The Court has determined (1) that the settlement should be approved, and (2) that there is no just reason for delay of the entry of this Final Judgment approving the Settlement Agreement. Accordingly, the Court directs entry of Judgment, which shall constitute a final adjudication of this case on the merits as to the Defendants in accordance with the terms of the Settlement Agreement.

Good cause appearing therefore:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.    The Court has jurisdiction over the subject matter of the Action and over all parties to the Settlement Agreement, including all members of the Class.

2.    The Court incorporates in this Final Judgment the definitions of terms set forth in the Settlement Agreement

[ECF No. 309-3, Exhibit 1], as though they were fully set forth in this Final Judgment, except that the Court incorporates the Class Definition as defined in its preliminary approval order [ECF No. 327]. As set forth in that order, the Class is defined as: "All persons who worked in a tax preparer position at any company owned Jackson Hewitt location in the United States at any time during the Class Period."

3.  The following entities or individuals are excluded from the Class: Defendants and their affiliates; the undersigned, including the undersigned's staff and immediate family members; senior executives; personnel in Jackson Hewitt's executive, HR and recruiting departments; persons outside the United States; and franchise owners and managers.

4.  The Court finally approves and confirms the settlement set forth in the Settlement Agreement and finds it is fair, reasonable, and adequate to the Class and meets all applicable standards under Rule 23 of the Federal Rules of Civil Procedure.

5.  The persons/entities identified in ECF 339, Exhibit G, have validly requested exclusion from the Settlement Class and, therefore, are excluded. Such persons and entities, and only such persons and entities, are not included in or bound by this Final Judgment because they have requested exclusion from the settlement relating to the Defendants. Such persons and entities shall not receive any of the proceeds obtained through the Settlement Agreement as they have requested exclusion from the settlement relating to the Defendants.

6.  This action is dismissed with prejudice as against all of the Defendants, each side to bear its own costs and attorneys' fees except as provided by the Settlement Agreement and the Court's orders.

7.  All persons and entities who are Releasors are hereby barred and enjoined from commencing, prosecuting or continuing, either directly or indirectly, against the Releasees, in this or any other jurisdiction, any and all claims, causes of action or lawsuits, which they had, have, or in the future may have, arising out of or related to any of the Released Claims as defined in the Settlement Agreement [ECF No. 309-3, Exhibit 1].

8.  The Releasors hereby and forever release and discharge the

Releasees with respect to the Released Claims as defined in the Settlement Agreement [ECF No. 309-3, Exhibit 1].

9.  Without affecting the finality of the Court's judgment in any way, the Court retains continuing and exclusive jurisdiction over the Settlement and the Settlement Agreement, including all future proceedings concerning the administration, interpretation, consummation, and enforcement of the Settlement Agreement.

10.  This document constitutes a final judgment and separate document for purposes of Federal Rule of Civil Procedure 58(a).

11.  The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that there is no just reason for delay in the entry of this Judgment, as a Final Judgment, as to the Plaintiffs, the Class, and the Defendants, in accordance with the terms of the Settlement Agreement.

IT IS on this 25th day of November, 2024, so **ORDERED.**

Michael E. Farbiarz, U.S.D.J.